UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------------------X

DEJUAN BATTLE,

<em>Plaintiff,</em>

-against-

THE CITY OF NEW YORK, POLICE OFFICER JOSEPH CRUZADO
(TAX ID#934706), POLICE OFFICER DONNELL MEYERS (TAX
ID#6430), POLICE OFFICERS JOHN DOE #1-4(the name "John Doe"
being fictitious as the true name is presently unknown), individually and in
their official capacity as New York City Police Officers,

<em>Defendants.</em>

-----------------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

JURY TRAIL DEMANDED

*Civil Action No.* 15-cv-3934
PKC-VMS

Plaintiff **DEJUAN BATTLE,** by his attorneys **LONDON LAW GROUP,** complaining of Defendants **THE CITY OF NEW YORK, POLICE OFFICER JOSEPH CRUZADO (TAX ID#934706), POLICE OFFICER DONNELL MEYERS (TAX ID#6430), POLICE OFFICERS JOHN DOE# 1-4,** respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1.   This is a civil rights action in which Plaintiff **DEJUAN BATTLE** seeks relief for Defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and of rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution, and of rights secured under the laws and Constitution of the State of New York.  Plaintiff seeks damages, compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems equitable and just.

## JURISDICTION AND VENUE

2.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 and § 1331, this being an

1

action seeking redress for the violation of Plaintiff's constitutional and civil rights.

3.     Jurisdiction is also invoked herein pursuant to the First, Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

4.     Plaintiff respectfully requests that this Court exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any state court causes of action that arise from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein, and as against all parties that are so related to claims in this action within the original jurisdiction of this court that are formed as part of the same case or controversy.

5.     Venue herein is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## JURY DEMAND

6.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

7.     Upon information and belief and within the time prescribed by law, a sworn Notice of Claim stating, among other things, the time when and the place where the injuries and damages were sustained, together with Plaintiff's demands for adjustment thereof was duly served on Plaintiff's behalf on the Comptroller of Defendant **THE CITY OF NEW YORK** and that, thereafter, said Comptroller for Defendant **THE CITY OF NEW YORK** refused or neglected for more than thirty (30) days, and up to the commencement of this action, to make any adjustment or payment thereof, and that, thereafter, and within the time provided by law, this action was commenced.

8.     Upon information and belief, pursuant to General Municipal Law §50(h), a hearing was held at the office of a designated agent.

## PARTIES

9.  Plaintiff, at all times hereinafter mentioned was, and still is, a citizen of the United States residing in County of Queens, State of New York.

10. Defendant **THE CITY OF NEW YORK** was, and still is, at all times relevant herein, a municipal corporation duly incorporated and existing under and by virtue of the laws of the State of New York.

11. Defendant **THE CITY OF NEW YORK** was, and still is, at all times relevant herein, a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant **THE CITY OF NEW YORK** assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by New York City Police Department (NYPD). Defendant **THE CITY OF NEW YORK** operates the NYPD, a department or agency of Defendant **THE CITY OF NEW YORK** and is responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

12. Defendants **POLICE OFFICER JOSEPH CRUZADO (TAX ID#934706), POLICE OFFICER DONNELL MEYERS (TAX ID#6430), DETECTIVES/POLICE OFFICERS JOHN DOE# 1-4** were, and still are, at all times relevant herein, duly appointed and acting officers, agents, servants, and employees of New York City Police Department a municipal agency of Defendant **THE CITY OF NEW YORK**.

13. Defendants **POLICE OFFICER JOSEPH CRUZADO (TAX ID#934706), POLICE OFFICER DONNELL MEYERS (TAX ID#6430), DETECTIVES/POLICE OFFICERS JOHN DOE# 1-4** were, and still are, at all times relevant herein, acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant **THE CITY OF NEW YORK,** were acting for, and on

3

behalf of, and with the power and authority vested in them by Defendants **THE CITY OF NEW YORK** and New York City Police Department and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants **CRUZADO and MEYERS** are sued in their individual and official capacities.

14.     At all times relevant defendants John Doe 1 through 4 were police officers, detectives or supervisors employed by the NYPD.

15.     Plaintiff does not know the real names and shield numbers of defendants John Doe 1 through 4.

16.     At all times relevant herein, defendants John Doe 1 through 4 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John Doe 1 through 4 are sued in their individual and official capacities.

17.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

18.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

19.     Upon information and belief, That on or about August 1, 2007, Plaintiff was walking in or around 1305 Central Avenue, Far Rockaway, Queens New York when he was stopped, searched and apprehended by police office without probable case or justifiable reason.

20.     During this time, he was a victim of police misconduct, police brutality, was falsely arrested and falsely detained for a crime he did not commit.

21.     Upon information and belief, at no point in time did **DEJUAN BATTLE** resist arrest or disobey arresting officers' commands.

22.     There is testimony and reporting documents confirming that eyewitnesses informed and insisted that Defendants had apprehended "the wrong guy".  In fact, Defendant Officers were informed by eyewitnesses that Plaintiff was not the perpetrator of any crime.

4

23. Defendant officers arrested and charged Plaintiff with possession of a firearm under New York Penal Law Criminal Possession of a Weapon in the Second Degree (Penal Law § 265.03[3]), and other related charges.

24. Defendants without a warrant, apprehended, arrested and/or searched Plaintiff based on falsehoods, fabrications and deception on the part of defendants.

25. That defendant Officers intentionally and purposefully made false statements under oath in the Queens Grand Jury and during the jury trial held under The People of the State of New York vs. Dejuan Battle, Indictment number 2760/2007.

26. Defendants Officers falsely claimed that Plaintiff intentionally and viciously possessed a firearm and/or threw a firearm under a parked vehicle when they knew and /or should have known that Plaintiff did not possess a weapon and/or throw a loaded weapon under a parked car. That said false statements made by defendant officers under oath caused the conviction of Plaintiff and Plaintiff was sentenced to five (5) years incarceration in or around May 2011.

27. That POLICE OFFICER JOSEPH CRUZADO and POLICE OFFICER DONNELL MEYERS maliciously, intentionally and/or negligently made false statement in and on their police paperwork and under oath during the Grand Jury proceeding and at the jury trial in this matter.

28. On or about April 9, 2014 under, Case No. 11-04472 The People of the State of New York against Dejuan Battle, Defendant, the New York Appellate Division-Second Department ordered that the judgment of conviction of Plaintiff be reversed on the facts, the indictment is dismissed and sealed pursuant to CPL 160.50

29. The New York Appellate Division held that there were objective facts, not adequately explained, which cast doubt upon the officers' credibility. These included, but were not limited

to: the loss of the arresting officer's memo book, the fact that the ammunition allegedly retrieved from the gun was was only submitted to the police laboratory for analysis five days after the gun was submitted for analysis, and the fact that a photograph of the gun was exhibited in the precinct with a caption referring to a white lie. Further, the eyewitness who initially called the police to the scene testified at the trial that the man involved in the incident was not the defendant, and that the police arrested the wrong man.

30. Upon information and belief, Plaintiff was deprived of his rights to a familial relationship with his children.

31. By reason of the foregoing acts by the Defendants as a result of his unlawful arrest,
Plaintiff, was subject to false arrest, malicious prosecution, abuse of process, invasion of privacy, deprivation and/or violation of his civil rights and/or suffered emotional and/or pecuniary damage, his reputation being damaged in the community, embarrassment, humiliation, intense mental distress, permanent impairment of earning power, expenses incurred by Plaintiff.

### AS AND FOR A FIRST CAUSE OF ACTION
### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983
### BY THE CITY OF NEW YORK

32. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

33. At all times material to this complaint, Defendant **THE CITY OF NEW YORK** acting through its police department and through Defendants**, POLICE OFFICER JOSEPH CRUZADO (TAX ID#934706), POLICE OFFICER DONNELL MEYERS (TAX ID#6430), POLICE OFFICERS JOHN DOE# 1-4 ,** had in effect actual and/or *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

34. At all times material to this complaint, Defendant **THE CITY OF NEW YORK** acting through its police department and through Defendants **POLICE OFFICER JOSEPH CRUZADO (TAX ID#934706),POLICE OFFICER DONNELL MEYERS (TAX**

6

ID#6430), **POLICE OFFICERS JOHN DOE# 1-4 ,** had in effect and/or *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise and discipline employees and police officers, and of failing to inform the individual Defendants' supervisors of the need to train, screen, supervise and discipline said Defendants.  The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

35.    Defendant **THE CITY OF NEW YORK** acting through its police department, department of correction and through Defendants **THE CITY OF NEW YORK, POLICE OFFICER JOSEPH CRUZADO (TAX ID#934706), POLICE OFFICER DONNELL MEYERS (TAX ID#6430), POLICE OFFICERS JOHN DOE# 1-4 ,** being aware that such lack of training, screening, supervision, and discipline leads to improper conduct, acted with deliberate indifference in failing to establish a program of effective training, screening, supervision and discipline. Defendant **THE CITY OF NEW YORK** being aware that the persistent and substantial risk of improper detention of persons based upon insufficient or incorrect information, and effective training, screening, supervision and discipline would lessen the likelihood of such occurrences. There are recurrent circumstances which involve such potential danger to the constitutional rights of citizens, more specifically Plaintiff and which are officially tolerated by Defendant **THE CITY OF NEW YORK**. Such policies, practices, customs or usages were a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the harm/damages alleged herein, in violation of Plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

36.    As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific physical, psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A SECOND CAUSE OF ACTION
### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION and 42 U.S.C. § 1983
### POLICE OFFICER JOSEPH CRUZADO (TAX ID#934706)), POLICE OFFICER
### DONNELL MEYERS (TAX ID#6430)), POLICE OFFICERS JOHN DOE# 1-4

37.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

38.     By their conduct and actions in arresting, searching, imprisoning, failing to intercede on behalf of Plaintiff and in failing to protect him from the unjustified and unconstitutional treatment he received at the hands of Defendants **THE CITY OF NEW YORK, POLICE OFFICER JOSEPH CRUZADO (TAX ID#934706), POLICE OFFICER DONNELL MEYERS (TAX ID#6430),  DETECTIVES/POLICE OFFICERS JOHN DOE# 1-4** acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to and/or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of Plaintiff's due process clause and constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

39.     As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A THIRD CAUSE OF ACTION
### MALICIOUS PROSECUTION UNDER THE
### UNITED STATES CONSTITUTION and 42 U.S.C. § 1983

40.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

41.     By the actions described above, Defendants **THE CITY OF NEW YORK, POLICE OFFICER JOSEPH CRUZADO (TAX ID#934706)), POLICE OFFICER DONNELL MEYERS (TAX ID#6430)),  DETECTIVES/POLICE OFFICERS JOHN DOE# 1-4 ,** initiated a prosecution against Plaintiff Mr. Battle.

42.   By the actions described above, Defendants **THE CITY OF NEW YORK, POLICE OFFICER JOSEPH CRUZADO (TAX ID#934706),POLICE OFFICER DONNELL MEYERS (TAX ID#6430),  DETECTIVES/POLICE OFFICERS JOHN DOE# 1-4 ,** lacked probable cause to believe the proceeding could succeed.

43.   By the actions described above, Defendants **THE CITY OF NEW YORK, POLICE OFFICER JOSEPH CRUZADO (TAX ID#934706), POLICE OFFICER DONNELL MEYERS (TAX ID#6430),  DETECTIVES/POLICE OFFICERS JOHN DOE# 1-4 ,** caused Plaintiff to be maliciously prosecuted without any probable cause, without reasonable suspicion, without any proper claims, without any right or authority to do so, illegally and with malice.

44.   Defendants **THE CITY OF NEW YORK, POLICE OFFICER JOSEPH CRUZADO (TAX  ID#934706),  POLICE  OFFICER  DONNELL  MEYERS  (TAX  ID#6430), DETECTIVES/POLICE OFFICERS JOHN DOE# 1-4** arrested and issued legal process in order to obtain collateral objectives outside the legitimate ends of the legal process and intimidated Plaintiff Mr. Battle for their personal interest and further to prevent Plaintiff from disclosing the aforementioned evidence of their misconduct.

45.   Defendants- Officers  falsely claimed  that  Plaintiff intentionally and viciously possessed a firearm when they knew and /or should have known that Plaintiff did not possess a weapon and/or throw a loaded weapon  under a parked  car.

That said false statements made by defendants-officers under oath caused the conviction of Plaintiff and Plaintiff was sentenced to five (5) years in incarceration in or around  May 2011.

46.   The prosecution was ultimately terminated in favor of Plaintiff Mr. Battle. On or about April 9, 2014, the case was terminated favorably on Plaintiffs behalf, whereby the New York Appellate Division-Second Department ordered that the judgment of conviction of Plaintiff be reversed  on the facts, and that the indictment and judgment  be dismissed  and sealed

47.   The investigation and prosecution were palpably improper.

48.   The malicious prosecution continued for five years and the police officers and detectives of the

City of New York were active participants for the prosecution of the pre-trial and trial.

49. The Defendants-witnesses produced had an invested interest to fabricate their story.

50. As a result of the foregoing, Plaintiff Mr. Battle was deprived of his liberty, suffered specific psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**NEW YORK STATE CLAIM OF MALICIOUS PROSECUTION**

51. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

52. By the actions described above, Defendants **THE CITY OF NEW YORK, POLICE OFFICER JOSEPH CRUZADO (TAX ID#934706), POLICE OFFICER DONNELL MEYERS (TAX ID#6430)), DETECTIVES/POLICE OFFICERS JOHN DOE# 1-4 ,** caused Plaintiff to be maliciously prosecuted without any probable cause, without reasonable suspicion, without any proper claims, without any right or authority to do so, illegally and with malice.

53. Defendants **THE CITY OF NEW YORK, POLICE OFFICER JOSEPH CRUZADO (TAX ID#934706), POLICE OFFICER DONNELL MEYERS (TAX ID#6430), DETECTIVES/POLICE OFFICERS JOHN DOE# 1-4** arrested and issued legal process in order to obtain collateral objectives outside the legitimate ends of the legal process and intimidating Plaintiff for their personal interest and further to prevent Plaintiff from disclosing the aforementioned evidence of their misconduct.

54. Defendants acted with intent to do harm to Plaintiff without excuse or justification.

55. The legal process was terminated in favor of Plaintiff.

56. A timely Notice of Claim was filed with the City of New York.

57. The investigation and prosecution were palpably improper.

58. The malicious prosecution continued for five (5) years and the police officers and detectives of the City of New York were active participants for the prosecution of the pre-trial and trial.

59.   The defendants-witness produced had an invested interest to fabricate their story.

60.   As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A FIFTH CAUSE OF ACTION
## FALSE ARREST and FALSE IMPRISONMENT

61.   Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

62.   That said arrest was without probable cause in that plaintiff was forcibly and wrongfully and unlawfully arrested, searched and seized against his own free will, causing Plaintiff to be incarcerated for approximately fifty (50) months.

63.   By the actions described above, Defendant **THE CITY OF NEW YORK, POLICE OFFICER JOSEPH CRUZADO (TAX ID#934706), POLICE OFFICER DONNELL MEYERS (TAX ID#6430), DETECTIVES/POLICE OFFICERS JOHN DOE# 1-4** caused Plaintiff to be falsely arrested and falsely imprisoned without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so. The acts and conduct of Defendant were the direct and proximate cause of injury and damage to Plaintiff and violated Plaintiff's statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

64.   As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A SIXTH CAUSE OF ACTION
## VIOLATION OF SUBSTANTIVE DUE PROCESS

65.   Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as thought fully stated herein.

11

66. Defendants **THE CITY OF NEW YORK, POLICE OFFICER JOSEPH CRUZADO (TAX ID#934706), POLICE OFFICER DONNELL MEYERS (TAX ID#6430), DETECTIVES/POLICE OFFICERS JOHN DOE #1-4,** individually and collectively are liable pursuant to 42 U.S.C. § 1983 for abuses against Plaintiff that shock the conscience in violation of the Fourteenth Amendment to the United States Constitution.

67. Defendants **THE CITY OF NEW YORK, POLICE OFFICER JOSEPH CRUZADO (TAX ID#934706), POLICE OFFICER DONNELL MEYERS (TAX ID#6430), DETECTIVES/POLICE OFFICERS JOHN DOE# 1-4 ,** individually and collectively are liable for abuses against Plaintiff that shock the conscience in violation of Article 1, § 5 of the New York State Constitution.

68. Defendants **THE CITY OF NEW YORK, POLICE OFFICER JOSEPH CRUZADO (TAX ID#934706), POLICE OFFICER DONNELL MEYERS (TAX ID#6430) AND DETECTIVES/POLICE OFFICERS JOHN DOE# 1-4,** individually and collectively are liable for abuses against Plaintiff that shock the conscience in violation of New York law, rules and regulations.

69. The individual defendants issued legal process to place Plaintiff under arrest.

70. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### DEPRIVATION OF CONSTITUTIONAL RIGHT TO A FAIR TRIAL

71. Plaintiff Mr. Battle repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

72. The illegal and improper investigation created by Defendants established false information likely to influence a jury's decision and said information was forwarded to the prosecution. The Defendants engaged in an unlawful, unreasonable, and arbitrary investigation, which lead to Plaintiff's arrest. The defendants deviated from standard protocols. Thus, Mr. Battle's

Constitutional Right to a Fair Trial was violated and the harm occasioned by this violation is an action for damages under 42 USC § 1983.   Here, a reasonable jury could find, based on the evidence, that defendants, under the color of state law, violated the plaintiffs' clearly established constitutional rights by conspiring to fabricate the story, which was almost certain to influence a jury's verdict.

73.   That the plaintiff did not know and could not have known that the investigation was illegal and/or improper until the favorable termination of the proceedings.

74.   The plaintiff was subjected to deprivation of Constitutional Right to a Fair Trial in violation of his rights as guaranteed under the Fourteenth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 USC § 1983.

75.   As a result of the foregoing, Plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**AS AND FOR A EIGHTH CAUSE OF ACTION**
**DERELICTION OF DUTY. DEPRAVED INDIFFERENCE**
**and FAILURE TO INTERCEDE**

76.   Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

77.   Defendants **THE CITY OF NEW YORK, POLICE OFFICER JOSEPH CRUZADO (TAX ID#934706), POLICE OFFICER DONNELL MEYERS (TAX ID#6430), DETECTIVES/POLICE OFFICERS JOHN DOE #1-4,** were under a duty of safeguarding the public and ensuring the appropriate execution of Defendant's role.

78.   Plaintiff duly relied on Defendants' fulfillment of their New York City Policing duties.

79.   Defendants had an affirmative duty to intercede when Plaintiff's constitutional rights were being violated in Defendants' presence.

80.   At the time of the incidents, Defendants **THE CITY OF NEW YORK, POLICE OFFICER JOSEPH CRUZADO (TAX ID#934706), POLICE OFFICER DONNELL MEYERS**

(TAX ID#6430), DETECTIVES/POLICE OFFICERS JOHN DOE #1-4, were observing and aware of the wrongful acts against Plaintiff.

81.     At the time of the incident, Defendants **THE CITY OF NEW YORK, POLICE OFFICER JOSEPH CRUZADO (TAX ID#934706), POLICE OFFICER DONNELL MEYERS (TAX ID#6430), DETECTIVES/POLICE OFFICERS JOHN DOE #1-4,** neglected to intervene on Plaintiff's behalf in dereliction of their duty to Plaintiff and in depraved indifference to Plaintiff's well-being.

82.     Defendants **THE CITY OF NEW YORK, POLICE OFFICER JOSEPH CRUZADO (TAX ID#934706), POLICE OFFICER DONNELL MEYERS (TAX ID#6430), DETECTIVES/POLICE OFFICERS JOHN DOE #1-4,** violated Plaintiff's constitutional rights when they failed to intercede and prevent the violation or further violation of Plaintiff's constitutional rights and the injuries or further injuries caused as a result of said failure.

83.     Defendants were present but did not all necessarily actively participate in the aforementioned unlawful conduct observed, had an opportunity to prevent such conduct, had a duty to intervene and failed to do so.

84.     As a result of the foregoing, Plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

<u>AS AND FOR A NINTH CAUSE OF ACTION</u>
NEGLIGENCE

85.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

86.     Defendant **THE CITY OF NEW YORK, POLICE OFFICER JOSEPH CRUZADO (TAX ID#934706), POLICE OFFICER DONNELL MEYERS (TAX ID#6430), DETECTIVES/POLICE OFFICERS JOHN DOE #1-4,** negligently caused emotional injuries and otherwise damaged Plaintiff. The acts and conduct of Defendant were the direct and proximate cause of injury to Plaintiff and violated his statutory and common law rights as

14

guaranteed by the laws and Constitution of the State of New York.

87.     As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A TENTH CAUSE OF ACTION
### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION and TRAINING

88.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

89.     Defendant **THE CITY OF NEW YORK** negligently hired, screened, retained, supervised and trained Defendants **THE CITY OF NEW YORK, POLICE OFFICER JOSEPH CRUZADO (TAX ID#934706), POLICE OFFICER DONNELL MEYERS (TAX ID#6430), DETECTIVES/POLICE OFFICERS JOHN DOE #1-4,** and its employees.

90.     As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A ELEVENTH CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL HARM

91.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

92.     Defendants **THE CITY OF NEW YORK, POLICE OFFICER JOSEPH CRUZADO (TAX ID#934706), POLICE OFFICER DONNELL MEYERS (TAX ID#6430), DETECTIVES/POLICE OFFICERS JOHN DOE #1-4,** negligently caused emotional distress and damage to Plaintiff.  The acts and conduct of Defendant were the direct and proximate cause of emotional injury to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

93.     As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific psychological and emotional injuries and emotional distress, great humiliation, costs and expenses,  and was

otherwise damaged and injured.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL
### HARM AND/OR DISTRESS

94.    Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

95.    Under the color of state law, Defendants **THE CITY OF NEW YORK, POLICE OFFICER JOSEPH CRUZADO (TAX ID#934706), POLICE OFFICER DONNELL MEYERS (TAX ID#6430), DETECTIVES/POLICE OFFICERS JOHN DOE #1-4,** intentionally caused continuous emotional distress and damage to Plaintiff.

96.    The acts and conduct of Defendants were the direct and proximate cause of continuous emotional distress emotional injury to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

97.    Upon information and belief, Defendants committed multiple acts against Plaintiff, which invaded his interests and inflicted injuries upon him throughout all stages of investigation, the continuous detention and the hearings, and trials, which cumulatively amounted to intentional infliction of emotional harm and/or distress.

98.    The favorable termination of the proceedings was the crux of his claim.

99.    As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### CLAIM FOR MONELL LIABILITY

100.    In this case, there was: Police witnesses failing to make full and complete statements – witness tampering and/or intimidation; Detectives withholding evidence and/or misrepresenting or falsifying evidence; Overall inadequate police work and inadequate prosecutorial work-up of the case; and no warrant for Mr. Battle's arrest, at least none that Plaintiff was ever showed.

101.    The acts complained of were carried out by the aforementioned defendants in their   capacities
        as police officers and officials pursuant to customs, policies, usages, practices, procedures and
        rules of the City and NYPD, all under the supervision of ranking officers of the NYPD.

102.    The aforementioned customs, practices, procedures and rules of the City and NYPD include,
        but are not limited to: 1) arresting persons known to be innocent in order to meet "productivity
        goals"; 2) falsely swearing out criminal complaints and/or lying and committing perjury during
        sworn testimony to protect other officers and meet productivity goals; 3) failing to supervise,
        train, instruct and discipline police officers thereby   encouraging   their   misconduct   and
        exhibiting deliberate indifference towards the  constitutional  rights  of  persons  within  the
        officers' jurisdiction; 4) discouraging police officers from reporting the corrupt or unlawful acts
        of other officers; 5) retaliating against  officers who report police misconduct; and 6) failing to
        intervene to prevent the above-mentioned practices when they reasonably could have been
        prevented with proper supervision.

103.    At the time of the aforementioned constitutional violations, the **THE CITY OF NEW
        YORK** and NYPD were and had been on notice of such unconstitutional conduct,   customs,
        and de facto policies, such that the failure of City and NYPD to take appropriate remedial
        action amounted to deliberate indifference to the constitutional rights of persons with whom the
        police come in contact. In light of the extensive pattern of well-settled, pervasive customs and
        policies causing constitutional violations, documented in part infra, the need for more effective
        supervision and other remedial measures was patently obvious, but the **THE CITY OF NEW
        YORK** and NYPD made no meaningful attempt to   prevent future constitutional violations.

104.    The existence of aforesaid unconstitutional customs and policies may be inferred from
        repeated occurrences of similar wrongful conduct, as documented by the following civil
        rights actions and parallel prosecutions of police officers:

        a) Colon v. City of New York, 9-CV-0008 (JBW)(E.D.N.Y) (in an Order dated November 29,
        2009 denying the City's motion to dismiss on Iqbal/Twombley grounds, wherein the police

17

officers at issued were and prosecuted for falsifying evidence, the Honorable Jack B. Weinstein wrote:

'Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration—through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department—there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.'

b) <u>McMillan v. City of New York</u>, 04-cv-3990 (FB)(RML) (E.D.N.Y.)(officers fabricated evidence against an African-American man in Kings County and initiated drug charges against him, despite an absence of an quantum of suspicion);

c) <u>Richardson v. City of New York</u>, 02-CV-3651 (JG)(CLP) (E.D.N.Y.)(officers fabricated evidence including knowingly false sworn complaints, against an African-American man in Kings County and initiated drug charges against him, despite an absence of any quantum of suspicion);

105.   The existence of the aforesaid unconstitutional customs and practices, specifically with regard to the practice or custom of officers lying under oath, falsely swearing out criminal complaints or otherwise falsifying or fabricating evidence, are further evidenced, inter alia, by the following:

a) Morgan Cloud, The Dirty Little Secret, 43 EMORY L.J. 1311, 1311-12 (1994) ("Judges, prosecutors, defense lawyers, and repeat offenders all know that police officers lie under oath."); Jerome H. Skolnick, Deception by Police, CRIM. JUST. ETHICS, Summer/Fall 1982, at 40, 42 (concluding that police "systematic[ally]" perjure themselves to achieve convictions); ALAN M. DERSHOWITZ, THE ABUSE EXCUSE 233 (Hachette Book Group 1994) (suggesting that "recent disclosures about rampant police perjury cannot possibly come as any surprise" to those who have practiced criminal law in state or federal courts); ALAN M. DERSHOWITZ, THE BEST DEFENSE xxi-xxii (Random House 1983) ("Almost all police lie about whether they violated the Constitution in order to convict guilty defendants."); Deborah Young, Unnecessary Evil: Police Lying in Interrogations, 28 CONN. L. REV. 425, 427 (1996) (asserting that "the reported cases of police lying represent only a fraction of the actual cases in which police lying occurred"); David Kocieniewski, Perjury Dividend-A Special Report, N.Y. TIMES, Jan.5, 1997, at A1 (noting that according to one New York police officer, "lying under oath was standard procedure"); Lie Detectors Could Curb Police Perjury, USA TODAY, Aug. 1, 1996, (Magazine), at 13 ("[M]any experienced trial lawyers have said they believe police officers frequently lie on the stand."); Joseph D. McNamara, Has the Drug War created an Officer Liars' Club?, L.A. TIMES, Feb. 11, 1996, at M1 (noting recent perjury scandals have surfaced in police departments in Los Angeles, Boston, New Orleans, San Francisco, Denver, New York, and other large cities; and stating "[H]undreds of thousands of law-enforcement officers commit

felony perjury every year testifying about drug arrests.").

b) The Mollen Commission concluded that police perjury and falsification of official records

is probably the most common form of police corruption facing the criminal justice system.

It concluded:

Regardless of the motives behind police falsifications, what is particularly troublesome about this practice is that it is widely tolerated by corrupt and honest officers alike, as well as their superiors. Corrupt and honest officers told us that their supervisors   knew or should have known about falsified versions of searches and arrests and never questioned them.1 {…} What breeds this tolerance is deep-rooted perception among many officers of all ranks within the Department that there is nothing really wrong with compromising the facts to fight crime in the real world. Simply put, despite devastating consequences of police falsifications, there is a persistent belief among officers that it is necessary and justified, even if it is unlawful. As one dedicated officer put it, police officers often view falsification as, to use his words, "doing God's work" – doing whatever it takes to get the suspected criminal off the streets. This is so entrenched, especially in high-crime precincts, that when investigators confronted one recently arrested officer with evidence of perjury, he asked in disbelief, "What's wrong with that? They're guilty." *See,* Mollen Commission Report pgs 36-41.

106.    The existence of the aforesaid unconstitutional customs and policies, specifically with regard to

"productivity goals," may be further inferred from the following: Deputy Commissioner Paul J.

Browne has repeatedly admitted that NYPD commanders are permitted to set "productivity

goals."1

107.    The existence of the aforesaid unconstitutional customs and practices, specifically with

regard to the failure to supervise, train, instruct, and discipline police officers, encouraging

their misconduct, and exhibiting deliberate indifference towards the constitutional rights of

persons with whom officers come into contact are further evidenced, inter alia, by the

following:

a) In response to the Honorable Judge Weinstein's ruling of November 25, 2009 in Colon v. City of New York, 09-CV-00008 (E.D.N.Y.), in which he noticed a "widespread… custom or policy by the city approving illegal conduct" such as lying under oath and false swearing, NYPD Commissioner Raymond Kelly acknowledged, "When it happens, it's not for personal gain. It's more for convenience."

b) Regarding Defendant City's tacit condonement and failure to supervise, discipline to

---

1 Jim Hoffer NYPD Officer claims pressure to make arrests WABC·TV Eyewitness News, March 22010, available at http:J/abclocal.go.com/Wabc/story?section=news/investigators&id=73053S6 ("Police Officers like others who receive compensation are provided productivity goals and they are expected to work").

provide remedial training when officers engage in excessive force, the Civilian Complaint Review Board is a City agency, allegedly independent of the NYPD, that is responsible for investigating and issuing findings on complaints of police abuse and misconduct. When it does, however, Commissioner Kelly controls whether the NYPD pursues the matter and he alone has the authority to impose discipline on the subject officer(s). Since 2005, during Kelly's tenure, only one quarter of officers whom the CCRB found engaged in misconduct received punishment more severe than verbal "instructions." Moreover, the number of CCRB-substantiated cases that the NYPD has simply dropped (i.e., closed without action or discipline) has spiked from less than 4% each year between 2002 and 2006, to 35% in 2007, and approximately 30% in 2008. Alarmingly, the NYPD has refused to prosecute 40% of the cases sent to it by the CCRB in 2009. As a result, the percentage of cases where the CCRB found misconduct but where the subject officers were given only verbal instructions or the matter was simply dropped by the NYPD rose to 66% in 2007. Substantiated complaints of excessive force against civilians accounted for more than 10% of the cases that the NYPD dropped in 2007 and account for more than 25% of cases dropped in 2008.[2]

108.    The existence of the above-described de facto unlawful policies and/or well-settled and widespread customs and practices is known to, encouraged and/or condoned by supervisory and policy-making officers and officials of the NYPD and defendant **THE   CITY OF NEW YORK**, including without limitation, the Police Commissioner.

109.    The actions of Defendants, resulting from and taken pursuant to the above-mentioned de facto policies and/or well-settled and widespread customs and practices of the City, are implemented by members of the NYPD engaging in systematic and ubiquitous perjury, both oral and written, to cover up federal law violations committed against civilians by either themselves or their fellow officers, supervisors and/or subordinates. They do so with    the    knowledge    and approval of their supervisors, commanders and Commissioner who all: (i) tacitly accept and encourage a code of silence wherein police officers refuse to report    other officers' misconduct or tell false and/or incomplete stories, inter alia, in sworn testimony, official reports, in statements to the CCRB and the Internal Affairs Bureau ("IAB"), and in public statements designed to cover for and/or falsely exonerate accused police officers; and (ii) encourage and, in the absence of video evidence blatantly exposing the officers' perjury, fail to discipline officers for "testilying" and/or fabricating false evidence to initiate and continue the malicious prosecution of civilians in order to cover-up    civil rights violations perpetrated by themselves,

_____

2 Daily News, Editorial: City Leaders Must Get Serious About Policing the Police, August 20, 2008.

fellow office supervisors and/or subordinates against those civilians.

110.    All of the foregoing acts by defendants deprived Plaintiff of his federally protected rights, including, but limited to, the constitutional rights enumerated herein.

Defendant **THE CITY OF NEW YORK** knew or should have known that the acts alleged herein would deprive Plaintiff of his rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

111.    Defendant **THE CITY OF NEW YORK** is directly liable and responsible for the acts of Defendants, as it repeatedly and knowingly failed to properly supervise, train, instruct, and discipline them and because it repeatedly and knowingly failed to enforce the rules     and regulations of the City and NYPD, and to require compliance with the Constitution   and laws of the United States.

112.    Despite knowledge of such unlawful de facto policies, practices, and/or customs, these supervisory and policy-making officers and officials of the NYPD and the **THE CITY OF NEW YORK**, including the Commissioner, have not taken steps to terminate these  policies, practices and/or customs, do not discipline individuals who engage in such polices,   practices and/or customs, or otherwise properly train police officers with regard to the constitutional and statutory limits on the exercise of their authority, and instead  approve and ratify these policies, practices and/or customs through their active encouragement of, deliberate indifference to and/or reckless disregard of the effects of said policies, practices and/or customs or the constitutional rights of persons in the City of New York.

113.    The aforementioned Defendant's **THE CITY OF NEW YORK** policies, practices and/or customs of failing to supervise, train, instruct and discipline police officers and encouraging their misconduct are evidenced by the police misconduct detailed herein. Specifically, pursuant to the aforementioned City  policies, practices and/or customs, Defendants felt empowered to arrest Plaintiff without  probable cause and then fabricate and swear to a false story to cover up their blatant  violations of Plaintiff's constitutional rights.

114.   Pursuant to the aforementioned **THE CITY OF NEW YORK** policies, practices and/or customs, the officers failed to intervene in or report Defendants' violations of Plaintiff's rights.

115.   Plaintiff's injuries were a direct and proximate result of the defendant **THE CITY OF NEW YORK**'s wrongful de facto policies and/or well-settled and widespread customs and practices and of the knowing and repeated failure of the defendant **THE CITY OF NEW YORK** to properly supervise, train and discipline their police officers.

116.   As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**AS AND FOR A FOURTEENTH CAUSE**
**OF ACTION**
**ATTORNEY FEES**

117.   Plaintiff repeats, reiterates and incorporates by reference each and every allegation set forth aforementioned paragraphs as if stated fully herein at length.

118.   The actions of Defendants heretofore described resulting from the arrest, detention, imprisonment assault, use of excessive force, and prosecution of the Plaintiff constitute an unlawful arrest imprisonment, assault and malicious prosecution which deprived the Plaintiff of rights, privileges, and immunities as guaranteed under the United States Constitution, Amendments One, Four, Five, and Fourteen, the New York state Constitution, The Civil Rights Acts, 42 U.S.C. 981, 1983, 1985, 1986, and 1988 and the complained of conduct was either the result of an official policy or unofficial custom, including but not limited to, policies and customs concerning the hiring, training, supervision, retention and discipline of the CITY's agents, servants and/or employees, and those involving the arrest, detention and prosecution of individuals, including and especially, those persons such as the Plaintiff who are of African American ethnic descent.

22

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all of the Defendants:

a.   Compensatory damages;

b.   Punitive damages;

c.   Declaratory relief;

d.   Injunctive relief;

e.   The convening and empanelling of a jury to consider the merits of the claims herein;

f.   Costs and interest and attorneys' fees;

g.   Such other further relief as this court may deem appropriate and equitable.


Dated:       New York, New York
             February 12, 2016

                                        Respectfully submitted,

                                        **LONDON LAW GROUP**
                                        *Attorney for Plaintiff*


                                        By: Craig Phemister, Esq.   (CP0288)

23